# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-10065-01-JWB |
| JEFFREY A. MILLER, | ) |
| Defendant. | ) |

## ORDER OF DETENTION PENDING TRIAL

On October 22, 2021, a detention hearing was conducted in accordance with the Bail Reform Act, 18 U.S.C. §3142(f). The Government appeared by and through Debra Barnett, Assistant United States Attorney. The Defendant, Jeffrey A. Miller, appeared in person and through appointed counsel, Lynn Burke, Assistant Federal Public Defender.

The Government requested a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C). The Government argues that the Defendant is a flight risk and a danger to the community or other persons. The Government urges the application of a presumption of detention under 18 U.S.C. § 3142(e)(3)(A) because probable cause exists to believe the defendant has committed an offense under the Controlled Substances Act for which a maximum sentence of ten (10) years or more is prescribed. Defendant argues that there are conditions of release which can be imposed by the Court that will allow Defendant to be released on bond.

The Court has heard and considered proffers from both parties.

The Government's motion for detention is **GRANTED**. The following findings require the detention of the Defendant pending trial in this case:

1. Based upon the indictment the Court finds that there is probable cause to believe that the Defendant committed an offense under the Controlled Substances Act for which a maximum sentence of ten (10) years or more is prescribed. Therefore, the law imposes a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

2. The Court has considered the following factors under 18 U.S.C. § 3142(g):

    **A. The nature and circumstances of the offense charged**. The nature of the charged offense is serious and carries substantial potential penalties. The offense alleges drug trafficking with associated firearms possession.

    **B. The weight of the evidence.** The weight of the evidence is substantial.

    **C. The history and characteristics of the Defendant.**
    The Defendant has a substantial criminal history marked by repeated failure to appear for court, absconding under supervision, and failure to comply with court conditions. The Defendant was on parole at the time of the offenses alleged in the indictment.

    **D. The nature and seriousness of the danger to any person or the community posed by the Defendant's release.** The Defendant's extensive criminal record establishes danger to the community.

3. The Defendant has not rebutted the presumption. The Court has considered available options, and finds by a preponderance of the evidence that there are

no conditions or combination of conditions that may assure the Defendant's presence for future proceedings in this matter or, by clear and convincing evidence, the safety of the community.

4. The Court has considered and adopted the recommendations contained in the Pretrial Services Report. The Court does not consider the PTRA score.

5. Defendant is advised of his right to seek a review an appeal of this order of release pursuant to 18 U.S.C. § 3145(b).

IT IS THEREFORE ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 22nd day of October 2021.

    s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge